Mr. Raymond Simon Director, Arkansas Department of Education 4 State Capitol Mall Little Rock, AR 722201-1071
Dear Mr. Simon:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion as to whether certain records are subject to disclosure under the Arkansas Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107). You state that the Department recently accepted applications and resumes concerning a job vacancy. A request has been made for the release of all the applications and resumes, and you have asked whether such records concerning persons who were not hired should be released.[1] You have also asked whether, in the event the records must be released, there are parts that should not be released, such as social security numbers and/or other personal information.
RESPONSE
This office has consistently taken the position that applications and resumes of unsuccessful job applicants are "public records" within the meaning of the FOIA, and are not subject to any exemption from disclosure. See, e.g., Op. Att'y Gen. Nos. 99-007 and 98-102. Accordingly, they are generally subject to disclosure and must be released upon request, unless it can be factually established that their release would violate a protectable constitutional privacy interest. The constitutional disclosural privacy right is discussed in Attorney General Opinion 98-102, a copy of which is enclosed for your review. As noted in previous opinions, however, it would be unusual for a job application, or a resume, to contain information sufficiently private to warrant withholding the record from public inspection. Op. Att'y Gen. Nos. 99-008
and 95-291. The privacy interest at issue must be of an extremely personal nature in order to be constitutionally protected; and there must be a showing that the resultant harm to the individual from release of the information outweighs the importance of disclosing it. Op. Att'y Gen. 98-260. I believe it is unlikely that this test would be met in the typical case of a job application or a resume.
In addition to considering what in my view is the remote possibility of a constitutional privacy interest, the custodian should also scrutinize both the job applications and the resumes prior to their release for the purpose of identifying any information that might be subject to a specific statutory exemption from disclosure, such as social security numbers (see Op. Att'y Gen. 97-199, discussing the federal exemption), or medical, scholastic, or tax information (A.C.A. § 25-19-105(b)). Any such information that is identified by the custodian should be redacted from the documents prior to their release. With regard to scholastic records, it should perhaps be noted that according to previous opinions, grade transcripts are scholastic records, but lists of schools attended and degrees received are not. See Op. Att'y Gen. 87-108.
In conclusion, therefore, it is my opinion that the applications and resumes of the unsuccessful job applicants are generally subject to review and inspection under the FOIA. The custodian of the records must, however, review the particular records and apply the analysis set forth herein in order to make the actual decision.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] The Attorney General's authority under § 25-19-1059(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or employee evaluation/job performance records. You have not indicated whether the records' custodian has made an initial decision concerning release of the records in question. It appears, however, that your questions are integral to the custodian's ability to make a decision. I will therefore set forth the applicable legal analysis that the custodian should consider in the decision-making process. I reiterate, however, that it is the responsibility of the custodian to make the initial review and determination.